IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL AGRON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STEVEN R. GLUNT, *et al.* | : | NO. 13-4588 |

O R D E R

AND NOW, this 10th day of March, 2015, upon careful and independent consideration of the Petition of Joel Agron for Writ of Habeas Corpus Under 28 U.S.C. § 2254, petitioner's brief in support thereof, the Report and Recommendation ("R&R") of Magistrate Judge Thomas J. Rueter (ECF Document 11), and petitioner's objections thereto (Doc. 12),[1] it is hereby ORDERED that:

    1. Petitioner's Objections are OVERRULED;[2]

---

[1] Under 28 U.S.C. § 636(b)(1) and Local R. Civ. P. 72.1(IV)(b), the Court makes a *de novo* determination of those portions of the R&R to which there are objections, and in providing for a "*de novo* determination," Congress intended to permit "whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place" on a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676 (1980). The court may accept, reject or modify, in whole or in part any of the findings or recommendations. *Id.* at 673-74. Here, the habeas petition and petitioner's subsequently-filed brief allege insufficiency of the evidence ("first claim") and ineffective assistance of trial counsel for failing to (A) present testimony of Robert Clark and Steve Young ("second claim"), (B) present testimony of Jose Hernandez ("third claim"), and (C) cross-examine Vanessa Rodriguez concerning her bias against petitioner ("fourth claim"). Judge Rueter found that the Pennsylvania courts' adjudication of petitioner's first claim resulted in a decision that was proper under the applicable standard of review required by the Antiterrorism and Effective Death Penalty Act. Judge Rueter further found, among other things, that petitioner's remaining claims were procedurally defaulted and unreviewable in a § 2254 petition. Petitioner's objections to the R&R challenge Judge Rueter's findings with regard to all four of petitioner's habeas claims.

[2] Petitioner's first objection merely reiterates his claim before Judge Rueter that, at trial, the victim did not identify petitioner as "his assailant." *See* Petr.'s Obj. at 1. However, as the R&R points out, "[t]he victim positively identified [petitioner] as the shooter on several

      2. The Magistrate Judge's Report and Recommendation is APPROVED and ADOPTED;

      3. The habeas petition is DENIED and DISMISSED;

      4. A certificate of appealability shall not issue in that a reasonable jurist could not

---

occasions prior to trial," and [t]hese prior identifications were admitted into evidence at trial." *See* R&R at 10 (quoting Pa. Super. Ct. Op. 12/16/04, at 4-5 (citing N.T. 6/3/03, at 45, 51, 63-64, 69-71, 225)). For the reasons explained in the R&R, the Pennsylvania court's adjudication of petitioner's first claim resulted in a decision that was proper under this Court's applicable standard of review, and petitioner's objection is overruled. As Judge Rueter points out in the R&R, petitioner's second and third claims were not properly raised in the PCRA Court and in the Pennsylvania Superior Court, and are now procedurally defaulted. To the extent that petitioner argues he presented his second claim to the Superior Court in his *pro se* brief filed on Jan. 4, 2008, it is noted that the merits of that claim were not properly before the Superior Court as that Court remanded the PCRA petition to the PCRA Court on the ground that the PCRA proceedings were defective since petitioner's PCRA counsel's no-merit letter did not comply with the requirements of Pennsylvania law. To the extent that petitioner's objections now allege as "cause" for the default of his second claim ineffective assistance of PCRA counsel in "abandoning" petitioner's underlying claim, this claim is unreviewable under Local R. Civ. P. 72.1(IV)(c) because petitioner failed to present it to the Magistrate Judge before the R&R (or any time, for that matter). *See Wright v. Kerestes*, 2014 WL 6454572, *11 (E.D. Pa. 2014) (citing *e.g., Handy v. Pa. Bd. of Probat. & Parole*, 2013 WL 6578926, *1-2 (E.D. Pa. 2013); *Ramos v. Kyler*, 2004 WL 828363, *4 (E.D. Pa. 2004)). Judge Rueter found the "[p]etitioner has not specifically alleged cause to excuse the procedural default with respect to the claims regarding Clark and Young," *see* R&R at 14, and petitioner's objections do not challenge this finding. In any event, Judge Rueter acknowledged that petitioner alleged PCRA counsel's ineffective assistance in failing to present the affidavit of Jose Hernandez to the PCRA Court, *see id.*, and the Court adopts Judge Rueter's analysis in support of the conclusion that PCRA counsel's assistance was not ineffective in that regard for failing to raise a meritless claim, and this did not constitute cause and prejudice to excuse the default. In addition, to the extent that, in support of his second and third claims, petitioner's objections allege "new evidence of innocence" in the form of the Hernandez affidavit, as explained by Judge Rueter, the "new" evidence presented by petitioner is neither reliable, *see Goldblum v. Klem*, 510 F.3d 204, 225 (3d Cir. 2007) (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995)) (claim of actual innocence mut be supported by new reliable evidence), nor does the affidavit make it "more likely than not that no reasonable juror would have convicted [petitioner] in light of the new evidence," *see id. (quoting Schlup*, 513 U.S. at 327). *See* R&R at 14-16. Finally, although petitioner's objections claim that ineffective assistance of PCRA counsel constituted "cause" for the default of his fourth habeas claim, that claim is also waived under Local Rule 72.2(IV)(c), and in any event, as the R&R points out, the underlying fourth claim is meritless. *See* R&R at 16-17.

conclude that the Court is incorrect in denying and dismissing the petition for the reasons provided in the R&R and this Order.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000);

      5.  The Clerk shall mark this case CLOSED.

BY THE COURT:


 s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES DISTRICT JUDGE